# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff(s),

v.

FREDERICO MORAN,

        Defendant(s).

2:10-CR-575 JCM (VCF)

## ORDER

Presently before the court is the motion to vacate under 28 U.S.C. § 2255 by petitioner Frederico Moran. (Doc. # 153). The government filed a response in opposition (doc. # 161), and petitioner filed a reply (doc. # 163).

**I.     Background**

On May 18, 2011, a federal grand jury returned a superseding indictment charging Moran and his co-defendants with conspiracy to distribute 5,947 grams of actual (pure) methamphetamine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A)(viii), and 846. On May 20, 2011, Moran pled guilty to a written plea agreement, pursuant to which he waived his right to appeal any sentence within or below that recommended by the guidelines.

On July 19, 2011, the probation office issued the pre-sentence report ("PSR") to the parties and this court. The PSR calculated a total offense level of 35 and a criminal history category of I. Moran's applicable guidelines range was 168-210 months. Further, the PSR stated that he would

**James C. Mahan**
**U.S. District Judge**

1  likely face deportation upon release from custody. On October 5, 2011, this court imposed a 150-
2  month sentence.

3  On October 12, 2011, Moran filed a notice of appeal. On July 12, 2012, the Ninth Circuit
4  Court of Appeals dismissed the appeal in light of the valid appeal waiver. Petitioner then timely
5  filed this petition for post-conviction relief under 28 U.S.C. § 2255.

6  The petitioner seeks post-conviction relief on the ground that he received ineffective
7  assistance of counsel in violation of the Sixth Amendment to the United States Constitution because
8  his attorney did not advise him that he would certainly be deported because of his conviction.

## II. Legal Standard

10  Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court
11  imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C.
12  § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a
13  complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v.*
14  *United States*, 368 U.S. 424, 428 (1962).

15  Limitations on § 2255 motions are based on the fact that the movant "already has had a fair
16  opportunity to present his federal claims to a federal forum," whether or not he took advantage of
17  the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to
18  provide criminal defendants multiple opportunities to challenge their sentence." *United States v.*
19  *Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III. Discussion

21  To prevail on a claim of ineffective assistance of counsel, a defendant must show deficient
22  performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

23  "First, the defendant must show that counsel's performance was deficient." *Id.* at 687.
24  "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair
25  assessment of attorney performance requires that every effort be made to eliminate the distorting
26  effects of hindsight. . . ." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's
27  conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   overcome the presumption that, under the circumstances, the challenged action might be considered
2   sound trial strategy." *Id.* at 689.  To establish deficient performance, the petitioner "must show that
3   counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

4   "Second, the defendant must show that the deficient performance prejudiced the defense.
5   This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial,
6   a trial whose result is reliable." *Id.* at 687.  "The defendant must show that there is a reasonable
7   probability that, but for counsel's unprofessional errors, the result of the proceeding would have been
8   different.  A reasonable probability is a probability sufficient to undermine the confidence in the
9   outcome." *Id.* at 694.

10   Petitioner contends that his counsel was constitutionally ineffective because the advice
11   provided by his counsel with respect to the immigration consequences of his guilty plea fell short
12   of what was constitutionally required by *Padilla v. Kentucky,* 130 S. Ct. 1473 (2010).  In *Padilla*,
13   defense counsel affirmatively misrepresented to his alien client that he "didn't have to worry about
14   immigration status" when pleading guilty to drug distribution charges because "he had been in the
15   country so long" he did not have to worry about deportation. *Id.* at 1478.

16   The Supreme Court held that "Padilla's counsel provided him false assurance that his
17   conviction would not result in his removal from this country." *Id.* at 1483.  The Supreme Court
18   reasons that "[t]his is not a hard case in which to find deficiency" because: (1) the "consequences
19   of Padilla's plea could easily be determined from reading the removal statute"; (2) Padilla's
20   "deportation was presumptively mandatory"; and, (3) "his counsel's advice was incorrect." Id. at
21   1484.

22   Here, petitioner contends that the advice of his counsel fell short of that guaranteed by the
23   Sixth Amendment because he was not informed that he would "certainly" be deported.

24   **A.     Deficiency**

25   The court finds that petitioner has not met his heavy burden of showing his counsel's
26   representation was deficient.  The record conclusively refutes this allegation.  Petitioner agrees that
27   during his change-of-plea hearing, he repeatedly heard that deportation was a likely consequence.
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  He even acknowledged to the court that he understood how pleading guilty would affect his
2  deportation.

> [Government attorney]: Your Honor, if we could just make a record. I believe the defendant is illegally present in the United States. So we'd just ask for a record that he's consulted with his counsel regarding the potential immigration consequences of his guilty plea.
>
> The Court: Okay. If you are illegally in the United States, you could be deported from the United States following your custodial term, do you understand that?
>
> The Defendant: Yes.

(Doc. # 130, 21:19 - 22:8). This exchange and admission by the defendant clearly demonstrates that defendant conferred with his counsel and understood the deportation consequences of pleading guilty.

Further, even accepting the petitioner's allegations *arguendo,* this case is sufficiently distinguished from *Padilla*. In *Padilla,* the defense counsel affirmatively represented to his client that he would not have to worry about his immigration status if he plead guilty. *Padilla*, 130 S. Ct. At 1478. No such thing happened here. The record shows that the petitioner was well aware that a guilty plea could affect his immigration status and that if he was in the country illegally (petitioner does not allege, nor could he, that he was unaware of his immigration status at the time of his change of plea) he would likely be deported following a custodial sentence.

Finally, the declaration of petitioner's defense counsel shows that counsel did tell petitioner multiple times before entering the guilty plea that petitioner would be deported from the United States and denied re-entry as an aggravated felon sentenced to one year or more in custody, and the terms of the plea agreement virtually assured the petitioner that he would receive more than one year in custody. (Doc. # 161, Attachment 1, at ¶ 5).

Further, petitioner acknowledged his pending deportation to defense counsel by telling his counsel that he had beautiful horses in Mexico, and that someday after petitioner's release defense counsel could visit him in Mexico to ride the horses. (Doc. # 161, Attachment 1, ¶ 8). Counsel's performance cannot be considered deficient because it does not fall "below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 688.

**James C. Mahan**
**U.S. District Judge**

- 4 -

### B. Prejudice

Petitioner argues he was prejudiced by ineffective counsel because if he had known deportation was a certain consequence of his guilty plea, he would not have pleaded guilty and would have taken his chances at trial. Petitioner's argument is not enough to show that he was prejudiced. The petitioner knew and acknowledged that he was in the country illegally before he entered his guilty plea, and thus knew he would still be deported even if he went to trial and was not found guilty. (Doc. # 130, 3:20).

### C. Evidentiary Hearing

Finally, the petitioner argues for an evidentiary hearing. Where a section 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations, "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir.1985) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984)). The Ninth Circuit has recognized that where the issue of credibility can be "'conclusively decided on the basis of documentary testimony and evidence in the record,'" no evidentiary hearing is required. *United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir.1989) (quoting *Watts v. United States*, 841 F.2d 275, 277 (9th Cir.1988)).

No evidentiary hearing is warranted for two reasons. First, record evidence, such as the change of plea hearing, demonstrates that petitioner's allegations are palpably incredible and patently frivolous. Second, the court finds that the credibility determination demonstrates that petitioner's counsel adequately warned petitioner of the consequences of his guilty plea.

## IV. Certificate of Appealability

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

**James C. Mahan**
**U.S. District Judge**

- 5 -

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Under this section, the court may only issue a certificate of appealability when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that movant has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further.

The court declines to issue a certificate of appealability.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that petitioner's motion to vacate under 28 U.S.C. § 2255 (doc. # 153) be, and the same hereby, is DENIED.

DATED June 13, 2013.

*[signature]*
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 6 -